JOSEPH EASTABROOK *versus* HUTCHINS HAPGOOD, Executor.

The return of a sheriff, that dower had been set forth on a writ of seisin of dower by three disinterested freeholders, is conclusive; and, if not true, he is liable to an action for a false return.

[The husband having warranted against all encumbrances, &c., and his widow after his death, having claimed and obtained her dower in the premises, — held, that an action for breach of this covenant might be maintained by the assignee of the grantee against the executor of the grantor. — ED.]

THIS was an action of *covenant broken,* brought by the plaintiff against the defendant, as executor of the last will of *Jonathan Grout,* deceased, upon a deed of the said *Jonathan,* conveying certain lands to one *Hiram Newhall,* whose assignee the plaintiff is.

The action was submitted to the decision of the Court upon a case stated and agreed by the parties, in substance as follows : —

The said *Jonathan,* on the 25th of March, 1789, being seised in fee of the lands described in the deed, conveyed the same to the said *Hiram* in fee, with covenants of general warranty, against encumbrances, &c. The said *Hiram* entered upon the lands, and continued in possession thereof until the 5th of December, 1801, when he conveyed the same to the plaintiff in fee, who thereupon entered and continued in possession thereof, until ousted of a part thereof, as hereafter mentioned.

On the 7th of September, 1807, the said *Jonathan* died, and the defendant was duly constituted executor of his last will.

*Sarah Grout,* who was the lawful wife of the said *Jonathan* at and before the deed first above mentioned, and who survived him, not having in any manner barred herself of her right of dower in the said lands, duly instituted a suit against the plaintiff for the recovery thereof, and obtained judgment therefor in June, 1812. A writ of seisin issued upon the said judgment, upon which the dower of the said *Sarah* in said lands was set forth to her by three disinterested persons ; one of whom, the parties agree, was * not a freeholder, unless a purchase of a right in [ * 314 ] equity under a sheriff's sale upon execution, pursuant to the provisions of a statute of this commonwealth, entitled " An Act in addition to an act entitled An Act for giving remedies in equity," (1) the purchaser not having taken possession under such purchase, constituted him a freeholder, competent to be appointed by the sheriff to the assignment of said dower.

If, upon the facts stated, the Court should be of opinion that the

(1) *Stat* 1798, c. 77

plaintiff was entitled to recover in this action, the defendant agreed to be defaulted, the plaintiff's damages to be assessed by a jury; otherwise the plaintiff was to become nonsuit, and the defendant to recover his costs

*Lincoln*, for the defendant. The right which a *feme covert* may have to dower in the lands of her husband is a contingency, subject to which, if it be not relinquished at the time of a conveyance, the purchaser takes the estate; and the enjoyment of this right, by an assignment of dower to the wife, after the decease of the husband, is not an encumbrance, within the legal meaning of covenants against encumbrances.

But, in the present case, the assignment of dower to the testator's widow was not conformed to the statute, and is therefore either void or voidable. The purchaser of a right in equity is not a freeholder. The statute secures to a mortgagor, after a sale of his right, a further equity; and the sale amounts, in effect, to nothing more than an additional mortgage. The mortgagor, continuing in possession as well after as before the sale, remains tenant of the freehold.

*Blake*, for the plaintiff. Here was a regular judgment, and a writ of seisin, upon which the sheriff returned that he had caused the demandant's dower to be set forth by three disinterested freeholders of the county.

*By the Court.* The sheriff's return is conclusive upon the point. If the persons were not freeholders, he is liable to the [ * **315** ] party injured for a false return. Under the agreement * of the parties in the case at bar, the plaintiff is entitled to judgment (*a*)

*Defendant defaulted*

(*a*) [It does not appear what return the officer made, or that his return was false The case submitted for the opinion of the Court finds the facts as they were, without insisting upon, or alluding to, the return of the sheriff; and, in the absence of evidence to the contrary, it should have been presumed that the sheriff made his return accordingly. In the argument of the plaintiff's counsel, however, it is stated that the sheriff returned that he had caused the dower to be set off by three disinterested freeholders. And probably the case is defectively stated in the report. If not, it cannot be distinguished from *Boston* vs. *Tileston*, (11 *Mass. Rep.* 468,) where the Court say that the return of the officer that the appraisers were disinterested freeholders would not have been traversable, but that the parties had removed that objection, by agreeing upon the facts.

As to the conclusiveness of the officer's return, see *Lawrence* vs. *Pond*, 17 *Mass. Rep.* 433. — *Bott* vs. *Burnell*, 9 *Mass. Rep.* 96. 11 *Mass. Rep.* 163. — *Bean* vs. *Parker*, 17 *Mass. Rep.* 591. — *Winchell* vs. *Stiles*, 15 *Mass. Rep.* 232. — *Slayton* vs. *Chester*, 4 *Mass. Rep.* 478. — In *Phillips on Evidence*, (7th ed. vol. i. p. 391,) it is laid down that "the return of the sheriff upon a writ is *primâ facie* evidence of the fact there stated, when that fact comes incidentally into question, even in an action between third persons." — See *Rex* vs. *Elkins*, 4 *Burr.* 2129. — *Cator* vs. *Stokes*, 1 *M. & S.* 599. — *Gyfford* vs. *Woodgate*, 11 *East*, 296. — 2 *Phill.* p. 391. — *Dalton* says there can be no averment directly against the return of the sheriff in the *same action*, except in the cases he

NOTE. — *The Chief Justice,* referring to the assessment of the damages in this case, observed that the value of the dowager's life estate was to be calculated from the late Dr. *Wigglesworth's* table, published in the *Memoirs of the American Academy of Arts and Sciences,* (2) which he said had been adopted by this Court, as a rule in estimating the value of life estates, since its publication.

mentions, but that one may traverse directly, and aver against the return of the sheriff in *another action.* — *Dalt. Sh.* 191. — *Saund. Plead. and Ev.* vol. ii. 963. Among the excepted cases are those where the life or *inheritance* of the party is in jeopardy, or his suit would otherwise abate, or he have no other remedy. — *Dalt.* 191. — *Gibson* vs. *Brook,* *Cro. Eliz.* 859. — *Vin. Ab. Ret. O.* 22, 3d ed. iv. p. 20. — And where the party cannot aver against the sheriff's return, he may show that the person making it is not sheriff, (*Arundel* vs. *Arundel,* *Yelv.* 34. — *Andrew* vs. *Lynton,* 1 *Salk.* 265. — 2 Lord *Raym.* 884. — *Saund. Pl. and Ev.* 963;) though the return is *primâ facie* evidence of the fact.— *Tyler* vs. *Duke of Leeds,* 3 *Stark. N. P. C.* 218.

As to the grounds of 'the action upon the covenants, it does not clearly appear whether the plaintiff counted upon the usual covenant that the premises were " free of all encumbrances," or upon the covenant to warrant and defend against the claims and demands of all persons. In *Prescott* vs. *Trueman,* (4 *Mass. Rep.* 630,) *Parsons,* C. J., says, " A claim of dower is an encumbrance." — See *Harrington* vs. *Rydears,* 1 *Leon.* 93. — *Com. Dig., Cov.* E, 1. — But according to the opinion of the same .earned judge, and the whole Court in this and many other cases, the covenant was broken as soon as it was made; and the claim for damages, being a chose in action, was incapable of being assigned, (*Marston* vs. *Hobbs,* 2 *Mass. Rep.* 433. — *Beckford* vs. *Page,* 2 *Mass. Rep.* 455. — *Caswell* vs. *Wendell,* 4 *Mass. Rep.* 108. — *Wyman* vs *Ballard,* 12 *Mass. Rep.* 304 ;) and so it has been often held by other courts. — *Mitch* ell vs. *Warner,* 5 *Conn. Rep.* 497. — *Davis* vs. *Lyman,* 6 *Conn. Rep.* 249. — *Green* vs *Wilcox,* 2 *Johns.* 1. — *Hamilton* vs. *Wilson,* 4 *Johns.* 72. — *Kane* vs. *Sanger,* 14 *Johns.* 89. — *Abbot* vs. *Allen,* 14 *Johns.* 248. — *Lewes* vs. *Ridge,* *Cro. Eliz.* 863 — See, too, *Shep Touch.* 170, ed. by *Peyton.* In this view of the case, the plaintiff could not have succeeded in his suit. But the *English* courts have held that like covenants were " in the nature of covenants to do a thing *toties quoties,* as the exigency of the case might require; " and that " there was a continuing breach," so that the assignee might recover for " a substantial breach in his time." — *Kingdom* vs. *Nottle,* 4 *M. & Selw.* 55. — 1 *M. & S.* 355. — *King* vs. *Jones,* 5 *Taunt.* 418. — 1 *Ma'·sh.* 107. — And see *M'Cready* vs. *Brisbane,* 1 *Nott & M'Cord,* 104. Since which our own Court appears to be willing entirely to change its ground. — *Sprague* vs. *Baker,* 17 *Mass Rep.* 586. — ED.]

ADDITIONAL NOTE.

[See *Tilson* vs *Thompson,* 10 *Pick.* 359. — F. H.]

(2) Vol. ii. p. 131.