Parker, C. J.
The statute which authorizes the raising and assessing taxes in school districts, having required that the meetings for such purposes shall be warned at least seven days before they are held, and that any vote to raise money, for the purpose of erecting or repairing a school-house, passed by a majority of the inhabitants present at a district meeting warned and held as aforesaid, shall be obligatory on the inhabitants, to be assessed, levied, and collected, as prescribed in the act, it would seem to follow, as the manifest intent of the legislature, that any vote to raise money, at a meeting otherwise warned and held, should not be obligatory.
If, then, it appeared, by legal evidence, in the case before us, that the meeting at which the money was raised, for his proportion of which the plaintiff was assessed, and his property distrained, was warned less than seven days before the meeting was held, the vote and all the subsequent proceedings would be void, and the defendants would be trespassers, for having authorized an unlawful seizure of the plaintiff’s property. By the return of the person to whom the warrant for calling the meeting was directed, it appears that full seven days’ warning was given ; but by the evidence at the trial it was satisfactorily proved to the jury that some of the inhabitants of the district had less than seven days’ notice.
The case, then, turns altogether upon the competency of the evidence given to impeach the return upon the warrant. And in this case against the assessors, acting compulsorily under the law, which requires them to assess such taxes as shall be voted, we think such evidence ought not to have been admitted. They have a right to presume that the meeting at which the money was raised was lawfully warned; for by the records it appeared to be so. They could not otherwise call the fact in question, than by examining witnesses #as to the truth of the return, which they were under no obligation to do.
It would tend to confusion in town affairs, if assessors, instead of determining their official duty by repairing to the records, should *276 first be obliged to ascertain, beyond all possible doubt, whether any one inhabitant had been omitted in the warning, or had not been warned quite seven days before the meeting. Indeed, they could never exercise their authority with safety, until they had made a personal application to every inhabitant, and obtained his confession that he was warned in season; and thus the affairs of the district would be brought to a stand. For it would be in the power of any individual, by refusing to admit that he was warned, to excite such doubts as would prevent the execution of their duty.
There are difficulties also on the other side ; as the person to whom the warrant is committed may, by neglecting or designedly omitting his duty, produce a partial vote, and then by his return screen the assessors from an action. But we apprehend such iniquity will rarely happen; and when it does, there is no doubt an indictment will lie against the person committing such an offence, for a false return; for he will be viewed quasi an officer, and bound to act faithfully in his assumed duty.
What remedy there may be for the inhabitants, who may be held to pay an illegal tax, is'a question of more difficulty. There is no doubt an action would lie against the person making the false return; and whatever damages could be proved would be recovered ; and although it might be difficult to measure them, yet, in case of a wanton omission of duty, there would be at least an indemnity. (a)

New trial granted.

{a) [Thayer vs. Stearns, 1 Pick. 109. — 1 Stark. Ev. 2d Land. ed. 204. — 2 Stark. 213, Niles vs. Hancock, 3 Met. 568. — Ed.]