## TUTTLE *vs.* CARY.

The legality of a town meeting for the choice of officers is sufficiently proved by showing that it was notified and warned in due form, by those claiming to act as the legally qualified officers of the preceding year.

The return of the constable or collector on the back of the warrant for calling a town or parish meeting, is the only proper evidence that the meeting was legally warned.

And such return must show the manner in which the meeting was warned, or it will be bad. Nor can a defect in this particular be supplied by parol evidence.

But if the constable's return is thus defective, it does not follow that the proceedings of the inhabitants at the town or parish meeting are necessarily void, to all intents; since in some cases the objection may be lost, on the ground of waiver or estoppel.

Yet in an action against the moderator of a parish meeting, for refusing the plaintiff's vote, the constable's return not showing how the meeting was warned, this defect was held to be incurable, and fatal to the action.

THIS was an action of the case to recover damages against the defendant as moderator of a meeting of the first parish in *Turner*, holden *April* 28, 1825, for refusing the plaintiff's vote; and it was tried before *Parris J.* upon the general issue.

To prove the fact of the meeting, the plaintiff offered the parish records, by which it appeared that the warrant for the meeting was signed by *Francis Cary* and *William Cary* as parish committee, and was directed to *John Dresser* as collector of the parish; and he showed the record for the preceding year, by which it appeared

that at a parish meeting holden *April* 19, 1824, they were duly elect-
ed to those offices. To the sufficiency of this evidence the defendant
objected, because the returns of the collector did not show in what
manner the meetings were warned. These returns were dated on
the day of each meeting, and were both of the same tenor, thus :—
"Pursuant to the within warrant, I have notified and warned the
freeholders and other inhabitants of the first parish in *Turner*, qual-
ified by law to vote in parish meetings, to meet at the time and
place, and for the purposes therein expressed."

The defendant also objected to the sufficiency of the record of
the parish meeting in *April* 1824, because it appeared that *Alden
Blossom* was chosen parish clerk at that meeting, and *Philip Cham-
berlain* was appointed clerk *pro tempore;* whereas it did not ap-
pear by the record, though it was proved by parol, that *Blossom*
was absent when the clerk *pro tempore* was chosen ; nor did it ap-
pear that the latter was a member of the parish.

He further objected to the authority of *Francis* and *William Ca-
ry* to act as parish committee for 1824, and issue the warrant for the
meeting in *April,* 1825, because it did not appear that they were
sworn.

All these objections the Judge overruled.

The plaintiff then offered to prove by parol that the notice for
calling the meeting in *April* 1825 was seasonably posted up at the
outer door of the meeting house, as the law requires ; to the suffi-
ciency of which evidence the defendant objected. But the Judge
admitted the evidence for the purpose of bringing all the facts before
the court.

The defendant contended that the plaintiff was not a legal voter
in the parish, because, as was the fact, he was not assessed in the
last parish tax ; which it was admitted was raised as long ago as the
year 1811 ; but the Judge ruled otherwise. The defendant also
insisted that if the plaintiff was not possessed of personal taxable
property, for which he was liable to be taxed to the amount of two
thirds of a single poll tax, he was not entitled to vote. The Judge
however, decided otherwise ; but directed the jury to ascertain
whether he had personal property to that amount ; and they found

Tuttle *v.* Cary.

that he had not.   The defendant also objected that the plaintiff could not maintain this action, unless he should prove that the defendant rejected his vote maliciously, and with intent to injure and oppress him.   This point also the Judge overruled; but instructed the jury to find whether the vote was rejected maliciously; and they found that it was not.

A verdict was thereupon returned for the plaintiff, for $20,10; which was taken subject to the opinion of the Court upon the question whether, upon the whole case as reported, the plaintiff was entitled to judgment.

*Fessenden*, for the defendant, to show the insufficiency of the collector's returns, cited *Wellington v. Gale*, 13 *Mass.* 483; *Davis v. Maynard*, 9 *Mass.* 242; *Purinton v. Loring*, 6 *Mass.* 388; *Winslow v. Loring*, 7 *Mass.* 396; *Saxton v. Nimms*, 14 *Mass.* 315; *Lancaster v. Pope*, 1 *Mass.* 86.   And that the rejection of the vote was only *damnum absque injuria; Thayer v. Stearns*, 1 *Pick.* 109.   The case of *Bangs v. Snow*, 1 *Mass.* 181, *Mr. Dane* considers as apocryphal.   3 *Dane's Abr.* 490.

*N. Emery* and *W. K. Porter*, for the plaintiff, supported the returns of the collector on the ground of the contemporaneous exposition of the statute; contending that the practice of town officers generally had always been to make returns similar to the present; and that the presumption of law in favor of the regularity of all official transactions, was sufficient to throw on the objecting party the burden of proving the contrary.   *Bangs v. Snow*, 1 *Mass.* 181; *First parish in Sutton v. Cole*, 3 *Pick.* 232; *Thayer v. Stearns*, 1 *Pick.* 109; *Mussey v. White*, 3 *Greenl.* 290; *Waldron v. Lee*, 5 *Pick.* 323.

The opinion of the Court was read at the ensuing *November* term, in *Cumberland*, as drawn up by

MELLEN C. J.   The plaintiff has averred in his declaration that the parish meeting at which his vote was offered and rejected by the moderator, was then duly and legally holden, and that the defendant had been duly elected moderator.   To sustain the present

Tuttle *v.* Cary.

action, it was necessary that those averments should be proved ; for the defendant was charged with having violated the plaintiff's rights. It is certain that a moderator of a town or parish meeting is often called upon to discharge an unwelcome duty, especially in those cases where contending interests and feelings are in full operation ; and where he is obliged to decide on the qualifications of voters, without time for deliberation, and even without a knowledge of many of the facts on which those rights depend ; where, to a certain extent, he acts judicially, and must pronounce a decisive opinion, and yet thereby may be rendered responsible in damages to the persons, whose votes he rejects, however pure may have been his motives, or however sincerely he may have endeavored to decide with exactness and impartiality. Yet such are the legal principles which must regulate us in the decision of such causes. Several objections have been urged by the counsel for the defendant against the sufficiency of the proof adduced by the plaintiff in support of his action. Some of them we consider as entirely destitute of foundation ; for instance, we are not called upon to examine into the regularity of the meeting in 1824. The only inquiry is as to that of the meeting in 1825. If we should require proof of the legality of the choice of the assessors who issued the warrant for the meeting in 1825, we should be obliged to go back and prove the legality of the meeting in 1823, and thus be compelled to go back to the organization of the town or parish in the first instance. Hence, in all these cases the party relying for the support or defence of an action on the regularity and legality of a town or parish meeting, is required only to prove that it was notified and warned in due form by those claiming to act as the legally qualified officers of the preceding year. The objections made and urged against the qualifications of *Tuttle* as a voter, and the decision of the judge as to proof of malice, we have considered and recently decided in the case of *Osgood v. Bradley.* So that the principal questions deserving our consideration are, first, whether the parish meeting of 1825, at which the plaintiff's vote was rejected, was legally warned, according to the facts appearing on the return ; and if not, secondly, whether parol evidence was admissible to supply the deficiencies.

Tuttle *v.* Cary.

1. As to the first question. Our statutes relating to town and parish meetings do not in terms require that the proof of warning should be in writing, in the form of a return on the warrant; but from the nature of the thing, and as the only practicable mode of furnishing lasting evidence of the fact, it seems indispensable that such notice should appear on the return of the person appointed to notify and warn such meeting; and such, we presume, has been the invariable practice from time immemorial in the towns and parishes in Massachusetts, and in this State since its organization. Our parish act of 1821, *ch.* 135, *sect.* 3, requires that parish meetings shall be " notified, seven days, at least, before the holding of the same, by written advertisements posted up at the principal outer door of the meeting house or place of worship of such parish or society.' It is believed to have long been the usage to date the return on the day of the meeting. No objection can be grounded on that circumstance; but it does not appear how the meeting was warned, or how many days before the date of the return. Standing alone, is not this return fatally defective? In *Bangs v. Snow & al.* cited by the plaintiff's counsel, such a return was admitted to go to the jury, with the warrant " for the purpose of showing who was the parish clerk," as it is stated in the report of the case; and thereupon he was sworn and produced a book which he identified, as containing the records of the north parish in *Harwich.* With respect to this case, the general remark may here be made, which has often been made before, that little reliance can be placed on the decisions of any court, made in the course of a jury trial, on the exigence of the moment, without the advantage of books, interchange of thoughts, or time for any deliberation. It is a familiar principle that returns made by sheriffs, deputy sheriffs and coroners must of themselves be sufficient; and they cannot be contradicted or aided by parol testimony. The counsel for the plaintiff has cited several cases to this point. The reason of the principle is that as the rights of third persons, as well as of the parties in any particular case, are thereby affected, established, changed or transferred, it is of importance to the community that there should be the permanency of record evidence, to which access may always be had by those who may be

interested. This same reason, as well as the principle itself, may be, and generally is extensively applicable to the returns upon warrants issued for town and parish meetings.

The case of *Saxton v. Nimms & al.* 14 *Mass.* 315, was an action of trespass against the assessors of the town of *Deerfield.* They justified, as such, the assessment of a sum of money which had been voted to be raised in a school district in the town, at a meeting warned for the purpose ; the vote was duly certified to the assessors ; and the plaintiff was assessed his proportion, for the nonpayment of which to the collector the plaintiff's property was taken. It appeared that the person to whom the warrant was directed, had certified that he had warned all the inhabitants of the district as the law directs. Parol evidence was admitted at the trial to prove that many of the inhabitants were not notified in due season, but one day too late. The whole court, however, set aside the verdict and granted a new trial, on the ground that such parol proof was inadmissible. *Parker C. J.* speaking of the defendants, says "they have a right to presume that the meeting at which the money was raised, was lawfully warned ;" for by the records it appeared to be so.

So in *Thayer v. Stearns*, 1 *Pick.* 109, the defendants justified as assessors of *Milford.* The court say the defendants "must show that they were legally chosen, and that the town were then legally assembled. This should be proved by the records ; and if so proved, parol evidence cannot be admitted to contradict the fact." In that case the constable stated in his return that he had posted up notifications, without saying for what time ; and it is true that the court overlooked the imperfection of the return, noticing among other things that it was an annual meeting, and that it did not appear that the notification was out of season, adding that every presumption should be in favor of its regularity ; but in the same case no parol proof was offered, though the court observed that if records are burnt, mutilated or otherwise destroyed, parol evidence may be let in to supply the defect.

The case of *First Parish in Sutton v. Cole*, 3 *Pick.* 232, differs from this in several particulars. The regularity of the parish meeting was objected to, as having been called by a warrant from a justice of

the peace, when there was no application therefor signed by ten or more voters. There was no question as to the return. The chief justice observes, " it does not appear that any exception was taken to the meeting at the time ; and we think if there were regular notice appearing of record, and the inhabitants proceeded to transact the business for which they were called together, no defect of authority in the magistrate appearing of record, the legality of the meeting cannot afterwards be called in question; certainly not by any but the inhabitants themselves." Here we find the court paying the same respect to the record of the return, as in the last case; to its importance and its sufficiency, as perpetual proof for those who may have a legal right to make use of it.

The case of *Waldron v. Lee, 5 Pick.* 323, originated in an assessment of a sum of money which had been voted in a school district meeting, and regularly certified to the assessors of the town of *Dudley.* The return of the person to whom the warrant for the school district meeting was directed, merely stated that he had warned the inhabitants, without stating the time or the manner of the warning. This objection, it is true, the 'court overruled ; and in so doing, they assign a good reason, but one not applicable to the case at bar. The court say, " this is not a sufficient objection, for the inhabitants met and voted, and the vote to raise the money was duly certified to the assessors, who were obliged to proceed in the assessment, without inquiring into the regularity of the proceedings antecedent to the meeting of the inhabitants of the district." In *Saxton v. Nimms & al.* and *Waldron v. Lee,* the justification of the assessors was sustained on the ground that they were not answerable for the irregularity of the proceedings in the warning of the school district meeting ; having conducted regularly themselves. But in *Thayer v. Stearns* they were required to show the regularity of the town meeting at which they were elected, by record evidence, not affected by any parol proof. Is more proof necessary to establish a man's innocence, when charged with a wrong, than to establish a charge of wrong against a man who, as the jury have found in the present case, acted with no improper motive, though by law made

responsible in damages even for an error in judgment? We should think not.

2. The second question is whether the deficiencies of the return can be supplied by parol proof? We have, in examining the first question, in a great measure anticipated this, from necessity. We have not been able to find any case where such evidence has been admitted; and in *Saxton v. Nimms* it was expressly decided to be inadmissible when offered to contradict a return of a constable. The reason for excluding it must have been that the proceedings of such an officer in relation to the warning must be in writing, and a part of the parish record, for the guidance and protection of all concerned: and it would seem that, for the same reason, the return should not be enlarged and perfected by parol. If in either case parol proof may be admitted, the return loses its character, and no one can with safety place any dependence upon it. It would be dangerous to establish a principle which may place the rights of so many persons in danger of being impaired or lost, when memory can furnish no assistance, or the only witness of the additional fact relied on to perfect the return, may be in his grave, or beyond the reach of process. After a careful examination of this cause in all its relations, in respect to the parties and the community, we cannot but believe that the parol evidence as to the time and manner of notice was not admissible. It answers no good purpose for us to indulge in relaxation of principles and go in search for excuses for noncompliance with plain requirements. A collector of a parish who is competent to do his duty in warning a parish meeting in the manner explicitly pointed out by law, is also competent to write his return and state in plain terms what he has done under his warrant, and it is his duty so to do. It is not easy to perceive why such a distinction should be made between the returns on warrants for parish or town meetings, and returns on writs and executions. In these latter cases a strict compliance with legal requirements is never dispensed with; and how can the court excuse gross carelessness in the former cases in the official conduct of perhaps the same men? The law must be impartial and so must the court. It is a familiar principle that no matter can be legally acted upon in a town, parish or pro-

Tuttle *v.* Cary.

prietors' meeting, unless the vote be authorized by a proper article in the warrant for calling the meeting. The obvious reason is that, without such article, the members of the corporation can have no sufficient and proper notice that the subject would be considered and acted upon. If such be the case in a meeting legally warned and assembled, is it not of equal importance that the meeting should have been legally warned and notified, and so appear to have been, by the return of the proper officer? Else how will it appear that due notice has been given to all the members, of the time and place of the meeting, in the manner and time by law appointed? The parish meeting not having been legally warned, or, in other words, there being no legal evidence of such a warning, we are not aware, how the present action can be maintained. We do not mean to decide that the proceedings were necessarily void to all intents and purposes. In some cases such proceedings might be considered as valid, on the ground of waiver or estoppel, and not open to objection. On this occasion it is not necessary to particularize. We decide the present case more especially on the ground that the plaintiff's cause of action of necessity depends on the legality of the parish meeting. Without such legality, the plaintiff could have no more right to give a vote then, than on any other occasion, and of course the defendant's act could not have deprived him of any right. The plaintiff in his declaration has expressly averred that the parish meeting was a legal one, and that the defendant was the moderator of the meeting and legally chosen. For the same reason that it was necessary for the plaintiff to make these averments, it was necessary for him to prove them; but the records which he introduced for the purpose do not prove the alleged facts, and the plea denies them. The defects of the return we have before stated, and they must not be supplied by parol evidence. In such an action as this the burthen of proof, from first to last, rests on the plaintiff, and his proof has failed him. We are all of the opinion that the verdict must be set aside and (though it will be useless) a

*New trial granted.*