## DEXTER BRUCE *versus* REUBEN HOLDEN.

Where sworn officers are parties to a suit, either claiming or justifying under their own official acts, their returns or certificates of acts done by them within the sphere of their official duty, are always competent evidence for them of the facts therein contained, and are to be presumed to be correct until the contrary be shown.

Thus, where two officers made successive attachments of the same chattel, the return of each was *primâ facie* evidence of the attachment made by him, but the second attachment prevailed, it being shown by other evidence that the first attaching officer was not in possession of the chattel at the time when the second attachment was made.

Where a field-driver impounds beasts for being at large in the highway, it is his duty to leave with the pound-keeper a memorandum or certificate of the cause of impounding and of his fees and expenses ; and such certificate is an official act, and, in an action of trespass against him for taking the beasts, is *primâ facie* evidence in his favor, of the facts stated in it.

TRESPASS for taking and carrying away and detaining certain cattle of the plaintiff. The case was carried into the Court of Common Pleas by appeal from a judgment of a justice of the peace. On the trial in that court, before *Williams* J., the plaintiff offered evidence to prove that the defendant, on the 30th of May, 1836, took the cattle and impounded them in the town pound in Lunenburg, and that the plaintiff was compelled to pay to the pound-keeper more than five dollars for their liberation.

The defendant then proved in his defence, that he was a field-driver of the town of Lunenburg, duly elected and sworn, and that John Thompson, to whose custody as pound-keeper he committed the cattle, was duly elected and sworn to that office.

The defendant further proved, that at the time of i npounding the cattle, he left with the pound-keeper a notice dated the 30th of May, 1836, as follows : — " To John Thompson, keeper of the town pound in the town of Lunenburg. I have this day taken up and impounded in the town pound under your care, one red ox &c. the property of Dexter Bruce, of Shirley, found running at large, without a keeper, upon the public highway in the town of Lunenburg, and out of the enclosure of the said Dexter Bruce. My fees for taking and impounding are $3·56. Lunenburg, May 30th, 1836. Reuben Holden, Field-driver."

The defendant contended that these facts constituted a *primâ facie* justification.

The judge ruled, that the defendant was bound to prove by other evidence the truth of the material facts stated in the paper so left with the pound-keeper, in order to justify the taking and impounding.

The defendant thereupon offered some further evidence tending to prove the truth of the statement contained in the notice, and the plaintiff offered evidence tending to rebut the evidence of the defendant ; all which was submitted to the jury ; who returned a verdict for the plaintiff.

The defendant filed exceptions to the ruling of the judge.

*Oct. 16th.*    B. *Russell*, for the defendant.

*Farley*, for the plaintiff.

*Oct. 20th.*    MORTON J. delivered the opinion of the Court. This is an action of trespass for taking and carrying away certain cattle. The defendant admits the taking, and alleges in justification, that the cattle were going at large in the public highway, and that for that cause he, as field-driver, took them up and impounded them in the town pound.

The defendant, having proved his own election and that of the pound-keeper, as the first step in his defence, offered in evidence his own certificate to the pound-keeper of the impounding and the cause thereof, with his own claim for fees and penalties. A question arose before the Common Pleas as to the effect of this evidence. The defendant contended that this certificate was *primâ facie* evidence of the facts stated in it, and that it contained enough to constitute a legal justification

But " the court ruled that the defendant was bound to prove, by other evidence, the truth of the material facts stated in said paper, in order to justify the said taking and impounding." And the question before us is, whether this ruling be correct or not.

A field-driver is a sworn officer. And the general rule is, that the returns and certificates of sworn officers made in the discharge of their duty, are evidence of the facts contained in them. In most cases they import absolute verity and cannot be controverted. Thus the certificates of recording officers, as to the record and copies of instruments and documents, and other official acts, within their province, are conclusive. *Kin-nersley* v. *Orpe*, 1 Doug. 56 ; 1 Stark. Ev. 173 ; Buller's N. P. 229 ; *Oakes* v. *Hill*, 14 Pick. 442 ; *Saxton* v. *Nimms*, 14 Mass. R. 315 ; *Thayer* v. *Stearns*, 1 Pick. 109 ; *Briggs* v. *Murdock*, 13 Pick. 305 ; *Commonwealth* v. *Phillips*, 11 Pick. 28. So the returns of sheriffs, coroners and other returning officers, are always evidence, and, when they are not parties, are conclusive evidence. *Slayton* v. *Chester*, 4 Mass. R. 478 ; *Bott* v. *Burnell*, 9 Mass. R. 96 ; *Estabrook* v. *Hapgood*, 10 Mass. R. 313 ; *Bott* v. *Burnell*, 11 Mass. R. 163 ; *Bean* v. *Parker*, 17 Mass. R. 591.

Where officers are parties either claiming or justifying under their own official acts, their returns must be received as evidence. Otherwise it would be impossible, in most cases, to prove an attachment of property on mesne process, or its seizure on execution, or the arrest of the body. The officer might produce his precept and show his return upon it, but if this be not *primâ facie* evidence, he could never prove the attachment or the arrest, unless he took or happened to have with him a witness to prove the truth of his return. But even where he is a party, its verity cannot be collaterally called in question. *Livermore* v. *Bagley*, 3 Mass. R. 513. The proper mode of impugning its truth is by an action for a *false return*. But even in this suit, where it is directly put in issue and the officer notified of the point he has to meet, the return is evidence *primâ facie* true. The burden is upon the plain-tiff to prove its falsity.

It may therefore be laid down as an unquestioned rule, that

the certificates or returns of sworn officers, acting within the sphere of their official duty, are always competent evidence, and are to be presumed to be correct, until the contrary be shown.

The only case which seems to militate with this principle is that of *Merrill* v. *Sawyer et al.* 8 Pick. 397. The report of that case is not very full, and does not clearly show the circumstances under which the instruction was given to the jury or the ground of the decision of the court. It is liable to misapprehension, and we fear did mislead the learned judge of the Common Pleas in making the decision which is complained of. We are pleased to have an opportunity to explain it.

That was a contest between two officers claiming the same property by virtue of different attachments. The plaintiff having attached the property, the defendant afterwards took and claimed it by force of a prior attachment. The plaintiff legally took the property; gave due publicity and retained constructive possession of it. His attachment was unquestionably valid. The defendant could only succeed by showing a prior attachment. To prove this, he produced his own return, of a date prior to the plaintiff's. This was *primâ facie* evidence and would have prevailed, but for other controlling facts. He had either failed originally to seize the property or to give publicity to the attachment, or had relinquished his possession; so that the plaintiff found no one in possession of it but the owner, and no evidence of any attachment upon it. The property therefore was liable to be attached by any officer ignorant of the first attachment. The plaintiff therefore might lawfully attach, and the right of the creditors for whom he acted could not be affected by any subsequent notice to him or them.

It was with reference to these facts that the instruction was given to the jury, and upon them that the case was decided. It is very clear that the defendant, if he ever made a legal attachment, so far lost it by his subsequent neglect, as to expose the property to subsequent seizure on mesne process or execution. The Court very properly held, that the second attachment should have a preference over the first; or in other words, that the first was not valid against a subsequent lawful

seizure of the property. Both returns were *primâ facie* evidence of attachment and equally good, and in the absence of other proof the first in point of time would have prevailed. But the defendant failed because he did not take possession or otherwise give publicity to his attachment, so as to prevent a subsequen, attachment. This view of the case explains and makes intelligible and applicable the remarks of the Chief Justice in giving the opinion of the Court.

The general result of our inquiry is, that where the law has appointed an officer for the performance of a specified duty, the law must trust him so far as he acts within his authority. Hence where it is made the duty of an officer to make copies, or certificates, or returns, they are to be received as evidence, sometimes conclusive and always at least *primâ facie.* They are in all cases to be presumed to be true until they are shown to be false.

The certificate of a field-driver, made in the regular discharge of his official duty, is competent and *primâ facie* evidence of the facts contained in it. It only remains for us to consider whether the making and filing the certificate in this case was an official act. This will depend upon the construction of the several statutes relating to the subject. The Revised Statutes, *c.* 19, § 22, make it the duty of every field-driver, within his town, to take up cattle going at large in the public highways without a keeper; "and he shall restrain them in any pound in such town, according to the provisions of the one hundred and thirteenth chapter." This chapter treats of the "distraining of cattle," and contains all the regulations of both branches of the subject, to be found in the statutes. The first section requires the field-driver, when he has taken up any beasts for going at large contrary to law forthwith to impound them in the town pound; and also requires the pound-keeper to furnish them with suitable food and water. The second section fixes the fees of the field-driver and pound-keepe. The third provides that the pound-keeper shall not deliver the beasts to the owner, till he has paid for the keeping of them and the fees of the pound-keeper and field-driver. These three sections are the only ones which speak expressly of distraining and impounding for going

at large.   Unless the subsequent sections refer to this branch
of the subject as well as to distraining for damage feasant,
there are no further regulations.   And as far as the two branches
of the subject could be treated together and rules common to
both could be adopted, it was highly convenient and expedient
to unite the provisions.   And we have no doubt that the
general regulations are to be applied to both species of dis-
tress as far as they are applicable to both.   The eighth
section requires the person impounding to give notice to the
owner.   Now unless this extends to field-drivers and cattle
distrained for being at large, there is no provision for notice to
the owner or for public notice.   And unless it be the duty of
the field-driver, in such case, to leave a memorandum as re-
quired in the sixth section, the pound-keeper cannot know the
cause of the impounding, or the expenses which have been
incurred, or the fees of the field-driver.   And unless the pound-
keeper be authorized to proceed under the twelfth and thirteenth
sections, to sell the beasts impounded for being at large, then
no means are provided for the payment of the fees and expenses
of impounding ; but the pound-keeper is required to detain
the beasts till they are paid.   And if he has no power to sell,
the owner, even if known, might not in all cases have a very
strong inducement to redeem them.   It might sometimes
become the interest of the pound-keeper to get relieved from
them in the easiest way he could.   We cannot impute such
absurdities to the statute or suppose that the legislature would
require such inconsistent duties of any of its officers.   The
application of the regulations in relation to distraining for dam-
age feasant, to the distraint for being at large, as far as neces-
sary to carry into effect both branches of the statute, will
relieve it from all inconsistencies and defects ; and in our
opinion execute the intention of the legislature.   It cannot be
doubted that the fourteenth, fifteenth and sixteenth sections
apply equally to distresses on both grounds.

From the above view of the subject, we have no doubt
that it was the duty of the field-driver to file with the pound-
keeper a memorandum or certificate of the impounding and
of his fees and expenses ; that such certificate was official,

and entitled to the credence due to an official document, and was *primâ facie* evidence of the truth of the facts stated in it.

*Judgment of Court of Common Pleas reversed, and new trial to be had in the same court.*