ELLERY H. STARBIRD *versus* INHABITANTS OF SCHOOL DISTRICT No. 7 IN FALMOUTH.

</div>

An action lies against a school district for money collected for a tax illegally assessed and paid under duress, where the collector has deposited it with the town treasurer, it being by statute subject to the order of the district.

Where there is no district agent, or he neglects or refuses to call a district meeting, the selectmen are, by c. 11, § 17, of R. S., authorized to call it; but such vacancy or refusal must exist and be shown, to render the proceedings of such meeting valid.

ON REPORT.

This was an action of ASSUMPSIT, to recover back money paid, under protest, to the collector of the defendant corporation, to discharge a tax, which the plaintiff contended was illegally assessed.

It appears from a report of the evidence, that, subject to the plaintiff's objection, the defendants "also read from the records of the district an amended return" of the person notifying a district meeting, and to whom the warrant was directed, made upon the warrant, "under oath, similar to his original return, with the addition of the fact, that the copies posted were true copies of the warrant, and attested by him. The amendment was made without any authority from the Court."

*Drummond*, for the plaintiff.

*Fox*, for the defendants.

The opinion of the Court was drawn up by

RICE, J.—The evidence shows that the money, for the recovery of which the action was brought, was paid under duress, provided the tax was not legally assessed against the plaintiff. It also appears satisfactorily, that the money, at the date of plaintiff's writ, was in the hands of the treasurer of the town of Falmouth. The town treasurer holds money thus placed in his hands, subject to the order of the district, (R. S., c. 11, § 41,) and, for that purpose, is made by statute the agent of the district. The district, then, in legal contemplation, held the money paid by the plaintiff. There does not appear to be any question as to the election and qualification of the several town officers who have participated in the transaction under consideration, nor as to the manner of assessment or to the form of the commitment of the tax, or of the collector's warrant.

Was the meeting at which the money was voted for building the school-house legally called and warned? These are the controverted questions in the case.

The statute points out three modes in which the meetings of school districts may be called. Such meetings may be called in such mode as the district at a legal meeting may determine. R. S., c. 11, § 19. Or, by the agent on the written application of three or more legal voters, stating the reasons and objects thereof. R. S., c. 11, § 17. Or, when there is no agent, or when he neglects or refuses, they may be called by the municipal officers on like application. R. S., c. 11, § 17.

In this case the meeting was called by the selectmen on the written application of more than three legal voters in said district. It does not appear in the record nor by any other evidence in the case that there was no agent, nor that he neglected or refused to call a meeting of the district.

Nor is it absolutely essential that the record should show this fact. *Soper* v. *School District No. 9, in Livermore,* 28 Maine, 193. But, to give the selectmen authority to act in the matter, the *fact* that there was no agent, or that he neglected or refused to act, should exist and be shown. The authority not following within the general line of their official duties, but being derived from specific statute provision, cannot be presumed to exist without proof. The case falls within the well established principle that nothing can be presumed in favor of the jurisdiction of parties acting under special authority. *Little* v. *Merrill,* 10 Pick., 543; *Rossiter* v. *Peck,* 3 Gray, 539; *Barrett* v. *Crane,* 16 Vt., 246; *Betts* v. *Bagley,* 12 Pick., 572; *Bennett* v. *Burch,* 1 Denio, 141; *Short* v. *Spier,* 4 Hill, 76.

The amendment in the return of the person who notified the meeting was authorized by R. S., c. 3, § 8.

The certificate of the person required to give the notice is made evidence by the statute, c. 11, § 18, and, like the return of an officer, in a collateral proceeding, must be held to be conclusive. *Saxton* v. *Nimms,* 14 Mass., 315.

The facts do not exhibit a case of particular merit. Whether the money recovered will prove an adequate compensation for the exhibition, is not for us to determine.

The plaintiff must have judgment for the amount of money paid, with interest from the time of payment, and costs.

TENNEY, C. J., APPLETON, GOODENOW and WALTON, JJ., concurred.