### SAMUEL P. HALLECK *vs.* INHABITANTS OF BOYLSTON.

Worcester. Oct. 7, 1874. — May 7, 1875. COLT & MORTON, JJ., absent.

A town clerk has power to amend his record of the proceedings at a town meeting; and the record so amended cannot be varied or controlled by parol evidence.

A town voted to reëstablish the school district system; and at a subsequent meeting under an article in the warrant, " to see what action the town will take with reference to restoring the public school property to the several school districts, or act anything respecting the same," voted that the several school districts be assessed the amount of the original appraisal of the school property. *Held*, that this was a sufficient reappraisement under the St. of 1870, *c.* 196, § 3, to authorize a levy of a tax on the inhabitants of the district.

CONTRACT to recover the amount of a tax paid under protest. The nature of the case appears in the opinion.

*G. F. Hoar & S. Utley*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

ENDICOTT, J. It was held in *Andrews* v. *Boylston*, 110 Mass. 214, that the vote of the defendant town, March 6, 1871, " to reëstablish the school district system," was defective and insufficient, because the record failed to show that the vote was adopted by two thirds of the legal voters present and voting thereon, as required by the St. of 1870, *c.* 196. On January 23, 1873, after the judgment in that case, the town clerk then in office, who held the office when the vote was passed, and had remained in office by successive annual elections, amended the record by adding to the words " to reëstablish the school district system " the words, " two thirds of the legal voters present and voting thereon having voted therefor, one hundred and three voting in the affirmative, and five in the negative."

For the purpose of showing that the amendment was, in some particulars, not in conformity to the facts, and that it was not made upon the official knowledge of the clerk, the plaintiff offered to prove by parol, that more than five persons voted in

the negative, though he was unable to show that less than two thirds voted in the affirmative ; that the attention of the meeting was not called to the fact that a two thirds vote was necessary, and no declaration was made that two thirds had voted in the affirmative ; that there was no count of the vote, and that the clerk did not make the amendment from any minutes taken at the time, or from his own recollection, but from inquiry of persons not officers of the meeting. It is not contended that there was any fraud or wilful error on the part of the clerk.

Much of this evidence, if competent, would be entirely immaterial ; but it is not necessary to consider it in detail, as we are of opinion that it is all inadmissible to control the record as amended.

The record of the proceedings of a town meeting is conclusive in relation to all business there transacted, and cannot be varied or controlled, and omissions therein cannot be supplied by parol evidence. This general rule also applies to the records of parishes, school districts, and similar organizations, and the reasons for the rule are fully stated in numerous decisions of this court. *Andrews* v. *Boylston*, 110 Mass. 214. *Taylor* v. *Henry*, 2 Pick. 297. *Manning* v. *Fifth Parish in Gloucester*, 6 Pick. 6. *Saxton* v. *Nimms*, 14 Mass. 315. *Third School District in Stoughton* v. *Atherton*, 12 Met. 105. *Mayhew* v. *Gay Head*, 13 Allen, 129. *Adams* v. *Pratt*, 109 Mass. 59. *Wood* v. *Simons*, 110 Mass. 116. It is equally well settled that a town clerk, while in office, may amend a record made by him. He is a sworn officer, has custody of the records, is presumed to know the fact, and if he states what is not true he may be punished for fraudulent conduct in his office. *Welles* v. *Battelle*, 11 Mass. 477. *Hartwell* v. *Littleton*, 13 Pick. 229. *Saxton* v. *Nimms*, 14 Mass. 315, 321.

When an amendment is thus made, it becomes a part of the record, and the whole is the record of what transpired at the meeting, and may be used in evidence as such. No different rule of evidence can be applied to the record as amended, or any portion of it, than can be applied to the original record before or after the amendment. The same reasons which render the one conclusive apply equally to the other, and parol evidence cannot be admitted to control the record as amended.

The town having voted to reëstablish the school district system, at another town meeting, held March 28, 1871, the fourth article of the warrant was "to see what action the town will take with reference to restoring the public school property to the several school districts, or act anything respecting the same." By the St. of 1870, *c.* 196, § 3, it is provided, that after a town has voted to reëstablish, all school district property appraised under the acts abolishing school districts, St. 1869, *c.* 110, *c.* 423, and in possession of the town, shall be reappraised and restored to the districts, and a tax be levied on each district equal to the amount of the appraised value of the property thus restored. Under this section, and in pursuance of the article in the warrant, the town voted "that the several school districts be assessed the amount of the original appraisal of the school property." The appraisal here referred to was the appraisal under the St. of 1869, *c.* 423, and was a sufficient reappraisal under the provision of section 3. *Sutton Manuf. Co.* v. *Sutton*, 108 Mass. 106. It was also a sufficient vote for the levy of a tax on the taxpayers of the districts as required by the same section, and for the restoration of the property. No precise or formal manner of restoration is required or pointed out by the statute. The article in the warrant is "in reference to restoring the public school property;" and the vote must be construed in connection therewith; and the restoration of the property was completed by voting to assess the school districts for the amount of it. We are of opinion that there was a substantial compliance with the provisions of the statute. *Judgment for the defendant.*