WILLIAM A. ANDREWS *vs.* INHABITANTS OF BOYLSTON.

If the records of a town fail to show that a vote to reëstablish the school district system therein was a two thirds vote, parol evidence is not admissible to show that it was.

CONTRACT to recover the amount of a tax paid under protest. It appeared by the records of the defendants that, at a town meeting duly called to consider the question of reëstablishing the school district system, the following vote was passed: " Voted, to reëstablish the school district system." The defendants claimed that they could prove by parol evidence that the vote was a two thirds vote. The case was submitted to the judgment of the Superior Court and, on appeal, of this court, on the above facts. If the parol evidence was admissible, the evidence to be heard and the fact determined by a commissioner, or in such way as the court might order. If the school district system was legally reëstablished, then judgment to be for the defendants; otherwise, for the plaintiff.

*G. F. Hoar & S. Utley*, for the plaintiff.
*P E Aldrich*, for the defendants.

AMES, J. No attempt of the town of Boylston to reëstablish the school district system would be of any legal effect, unless sup-

ported by the votes of two thirds of all the legal voters present and voting thereon, at a meeting called for that purpose. St. 1870, *c.* 196, § 1. The meeting in this case was properly called, but all that can be learned from the record is that the town voted to reëstablish the school district system. The yeas and nays upon the proposition are not given, nor does it appear what was the number of votes; and the record does not undertake to say that it was adopted by a two thirds vote. The record is the appropriate evidence of the doings of the meeting, and it is not open to contradiction, enlargement or explanation by parol evidence. The form of expression is that which is ordinarily used in setting forth the vote of a mere majority; and there is nothing on the face of the record to indicate that either the officers or the voters had their attention called to the fact that the law required a two thirds vote. As the case stands, therefore, there is no legal evidence that the district system has been reëstablished in the town of Boylston. Whatever might be the right of the town clerk to complete his record, or to amend it according to the truth, the court cannot undertake to amend it for him, or to inquire what it should have been. The essential fact should be ascertained at the time, and not made the subject of investigation at a subsequent time. The omissions in the record cannot be supplied by parol evidence. Where the record of a town meeting failed to show an adjournment, it was held that parol evidence of the adjournment was not admissible. *Taylor* v. *Henry,* 2 Pick. 397. *Manning* v. *Fifth Parish in Gloucester,* 6 Pick. 6. In the former of these cases the court say: "It would be dangerous to admit such proof." "If a fact of this kind can be proved by parol evidence, it is difficult to see why the election of officers may not be proved in the same manner." According to the terms of the submission, therefore, there must be

*Judgment for the plaintiff.*