MILTON JUDD *vs.* MARTIN V. THOMPSON & others.

Berkshire. Sept. 10. — Nov. 23, 1878. AMES & SOULE, JJ., absent.

If the record of a town meeting fails to show that a vote, under the St. of 1870, c. 196, § 1, to reëstablish the school-district system therein, was a two-thirds vote, the vote is invalid; and the defect is not cured by the following amendment of the record made by the clerk: "I hereby amend the preceding record, from the best of my recollection that the vote to reëstablish the school-district system was passed by two thirds the legal voters present and voting thereon. The two-thirds vote was not so declared by the moderator, nor were the votes on either side counted; but, from my knowledge and recollection, I have no doubt but that the above is according to the truth "

Assessors are liable, in an action of tort, for assessing and issuing a warrant for the collection of a school-district tax, if the school district was not legally established, although it was certified to them, by one acting as clerk of the district, that the tax had been voted by the district.

TORT against the assessors of Monterey, for illegally assessing and causing to be collected a school-district tax. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts in substance as follows :

Before and at the time of the passage of the St. of 1869, c. 110, abolishing the school-district system, the town of Monterey was divided into nine school districts. In the warrant for the annual town meeting in March, 1871, was the following article : " To see if the town will vote to reëstablish the school districts ; " and under this article it was " Voted, to reëstablish the school-district system." On November 2, 1877, the clerk of the town, who was also clerk of the town at the time of the above mentioned meeting, amended his record of that meeting as follows : " Nov. 2, 1877. I hereby amend the preceding record of the March meeting, 1871, from the best of my recollection, that the vote to reëstablish the school-district system was passed by two thirds the legal voters present and voting thereon. The vote was not so declared by the moderator, nor were the votes on either side counted; but, from my knowledge and recollection, I have no doubt but that the above is according to the truth."

On July 10, 1875, the inhabitants of what was school district No. 2, in Monterey, prior to the abolition of the school-district system, voted to raise by taxation the sum of $600, for the purpose of paying the debt of the district, contracted between 1871 and 1875. This vote was duly certified by the person who acted as clerk of the district to the defendants, who thereupon proceeded to assess a tax upon the inhabitants of the district to raise the stated amount ; and on August 13, 1875, issued their warrant in the usual form to the collector of Monterey, who, under this warrant, collected of the plaintiff the sum assessed to him, being $11.37 ; and the plaintiff paid the same under protest in writing.

*M. Wilcox*, for the plaintiff.

*H. C. Joyner*, for the defendants.

MORTON, J. Under the St. of 1870, *c.* 196, the town of Monterey could not reëstablish school districts except " by a vote of two thirds of the legal voters, present and voting thereon," at a meeting legally called for that purpose.

In *Andrews* v. *Boylston*, 110 Mass. 214, it was held that a vote of the defendant town " to reëstablish the school-district system " was defective and insufficient, because the record failed to show that the vote was adopted by two thirds of the legal voters present and voting thereon, and that this fact could not be proved by parol evidence. It is clear, therefore, in the case at bar, that the record of the annual meeting held in March, 1871, as originally made, fails to show a legal reëstablishment of the school districts in the town of Monterey.

In November, 1877, the clerk of the town, who was also clerk at the annual meeting in March, 1871, amended his record, the amendment being as follows : " November 2, 1877. I hereby amend the preceding record of the March meeting, 1871, from the best of my recollection, that the vote to reëstablish the school-district system was passed by two thirds the legal voters present and voting thereon. The vote was not so declared by the moderator, nor were the votes on either side counted, but from my knowledge and recollection, I have no doubt but that the above is according to the truth."

The question is, whether this amendment cures the deficiency in the record, so that, as amended, it shows a legal reëstablishment of the school districts. We are of opinion that it does not. There is no doubt that the clerk, he having continued to be clerk to the time when he made the amendment, had the right to amend his record by adding any votes or other transactions of the meeting, accidentally omitted, and which were properly matters of record. *Halleck* v. *Boylston*, 117 Mass. 469, and cases cited. This is upon the ground that he is a sworn officer, has custody of the records, is presumed to know the facts, and, if he states what is not true, he may be punished for fraudulent conduct in his office. But he cannot, by inserting in his records any statements of facts or opinions which are not properly matters of record, make such statements evidence for or against the town.

It is the duty of the moderator to preside in the meeting and to " make public declaration of all votes passed," so that the

vote, if questioned by seven or more voters, may be made certain by polling the voters or dividing the meeting. Gen. Sts. *c.* 18, § 27. It is the duty of the clerk to record all votes and trans actions of the meeting. He should record the votes as declared by the moderator. He cannot properly insert in the record any different declaration founded upon his private count or judgment of the number of voters upon each side. In a case like this, it was the duty of the moderator to declare, if such was the fact, that the vote was passed by a vote of two thirds of the legal voters present and voting, or to declare the numbers voting on each side, so that it would appear that it was passed by a vote of two thirds ; and, as stated in *Andrews* v. *Boylston, ubi supra,* " the essential fact should be ascertained at the time, and not made the subject of investigation at a subsequent time."

In the case at bar, the record, as amended, does not show that a legal vote reëstablishing the school districts was passed. It shows that the votes were not counted on either side, and that it was not declared by the moderator to be a two-thirds vote. The clerk, in his amendment, does not take the responsibility of recording as a fact that the vote was passed by a vote of two thirds of the voters present and voting ; if he had done so, the fact could not be contradicted by parol testimony, but he might be liable for fraudulent conduct in his office. The amendment, fairly construed, merely amounts to a certificate that, according to his recollection and judgment, the vote was passed by two thirds of the voters present and voting, although the vote was not counted and was not so declared by the moderator. This is not properly a part of the record, and is not competent evidence to show that the vote reëstablishing the school districts was legally passed.

It follows from these considerations that the plaintiff is entitled to maintain his action. In *Dickinson* v. *Billings,* 4 Gray, 42, it was held that assessors are liable for assessing and issuing a warrant for the collection of a school-district tax, if the school district was not legally established, although it was certified to them by one acting as clerk of the school district that the tax had been voted by the district. This is conclusive of the case at bar.                              *Judgment for the plaintiff.*