D. RANDOLPH COOK, PROSECUTOR, v. THE BOROUGH OF MANASQUAN.

Argued April 5, 1910—Decided May 14, 1910.

1. The petition prescribed by section 53 of the Borough act (*Pamph. L.* 1899, *p.* 171) is not intended to control and does not control legislative power delegated to the common council.
2. The recital in a borough ordinance for taking lands for the widening of a street "so that the roadbed shall be thirty-six (36) feet and the sidewalks on each side of the roadway shall be eight (8) feet wide," does not violate any rule that may exist that the cost of the improvement of a sidewalk may be cast upon the property owner.
3. The minutes of a borough council, kept by the clerk thereof, showed that an ordinance, authorizing proceedings to condemn land for a public street, on its final passage "was carried on roll-call," on *certiorari* prosecuted by a landowner affected—*Held,* (*a*) that the record as it stands is not sufficient to show that it received the vote of the majority of the whole council (*Pamph. L.* 1897, *p.* 295, § 26) ; (*b*) that there was no legal presumption as against the landowner in a proceeding to condemn, that the ordinance received the requisite number of votes; (*c*) that the record cannot be enlarged or omissions supplied by parol, where such omissions are of jurisdictional facts.

On *certiorari.*

This writ was allowed to remove an ordinance of the borough of Manasquan introduced and passed to its first and second readings at a meeting of the council of that borough held June 22d, 1909, and passed on final reading July 13th, 1909, and on the same day approved by the mayor.

The ordinance recites that an application in writing was received by the council signed by at least ten resident freeholders

of the borough, for the widening of a certain portion of Main street, "so that said section be so widened that the roadbed of said section shall be thirty-six feet, and the sidewalks on each side of the roadway shall be eight feet."

The first section of the ordinance provides for the widening in the words above quoted.

The second section provides that the council thereby determine to take and appropriate such lands as may be necessary for the widening of said section of Main street, upon making compensation to the owners by purchase at a price to be agreed upon, and if an agreement cannot be made, by the payment of damages.

The third section provides that damages and benefits resulting from the work shall be assessed upon the property affected by the widening.

The fifth section provides that the ordinance shall take effect when the same has been posted or published as provided by law.

The whole number of councilmen is six. The minutes of the meeting of June 22d show that four councilmen were present, together with the mayor, and that at the meeting of July 13th, when the ordinance was passed, on final reading, five councilmen were present, together with the mayor.

In each case, the vote was reported as follows:

"Moved that the ordinance be passed on first reading. The motion prevailed on roll-call." "Moved that the ordinance be advanced to and passed on second reading. The motion was carried on roll-call." "Following the reading of the ordinances, moved that the same be passed on third reading and adopted. The motion was carried on roll-call."

Testimony was taken under rule entered for that purpose. Under objection, the clerk of the borough testified that his custom in keeping the minutes was when all votes were cast one way, an entry was made that the motion, resolution or ordinance was carried "on roll-call," but if any councilman did not vote or was not present, or if there was a vote in the negative, that fact was set down.

Each of the councilmen present at the two meetings was called and testified that he voted for the passage of the ordinance.

Before Justice VOORHEES.

For the prosecutor, *Halsted H. Wainright* and *R. Ten Broeck Stout.*

For the defendant, *Durand, Ivins & Carton.*

The opinion of the court was delivered by

VOORHEES, J. This case was heard by a single justice by consent under the statute.

The first objection made to the proceedings is that the petition presented to the council for the improvement, pursuant to the fifty-third section of the Borough act (*Pamph. L.* 1899, *p.* 171), prescribes that "every ordinance passed pursuant to the provisions of section thirty-three (33) shall be preceded by an application in writing for such improvement, describing the nature, kind and extent of the work or improvement desired, signed by at least ten (10) freeholders of said borough residing therein," confines the action of the council to the enactment of an ordinance such as is thus specifically petitioned for. In *Wilson* v. *City of Trenton, 26 Vroom* 220; *affirmed, 27 Id.* 716, it was held that the legislature might enact that an improvement must be initiated by petition. That was all that was done in the present case.

It is true that the ordinance follows the language of the petition in regard to the improvement, but that accident is not evidence that the legislative power delegated to the common council was controlled or intended to be controlled by the petition.

The office of the petition was merely to authorize the common council to exercise the powers conferred under the thirty-third section of the act. Having been thus authorized, the legislative power of the council was untrammeled by any special recitals in the petition.

The next objection is that the Borough act confers no authority for the construction of a sidewalk, and as the ordinance in question provides for the acquisition of land in the widening of the street in question, so that the roadbed shall "be thirty-six (36) feet and the sidewalks on each side of the roadway shall be eight feet wide," that in so ordering land is appropriated for that purpose and not for the purpose of a street.

It is true that sidewalks are regarded for certain purposes as appendages to and a part of the premises to which they are attached, so that the cost of an improvement to them may be cast upon the landowner (*State, Agens, prosecutor,* v. *Newark,* 8 *Vroom* 415), but that view is quite aside from the present case. Here a street is widened, land is taken from the owner for that purpose, and the sidewalk must be regarded as a part of the highway, thus created or widened, and therefore the land which is thus appropriated is a part of the public highway for which the owner must be compensated, although afterwards the improvement of that part of the highway designated as a sidewalk may be cast wholly upon the abutting property owner.

The incidental statement that after a highway has been widened and a certain width shall be used for a sidewalk, and a certain other width shall become the roadway, does not violate any rule which may exist that the cost of the improvement of such part of the roadway designated as a sidewalk may be cast wholly upon the property owner.

Besides this the prosecutor is a property owner and it cannot lie with him to object that the improvement as contemplated will relieve him from an expense for the construction of the sidewalk, which, under the law, might be done wholly at his expense. He is not injured.

The important question, however, in this case relates to the passage of the ordinance. Section 26 of the act provides that "all ordinances shall be submitted in writing at a regular meeting of the council and passed at a subsequent regular meeting; provided, however, that no ordinance shall be finally passed  *  *  *  except by the vote of the majority of the whole council."

The objection is made that the final passage of this ordinance is not shown by the minutes to have been in accordance with this statute. As there were six councilmen in the borough, four were necessary to have voted for the passage of the ordinance in question. *Hawkins* v. *Cook,* 33 *Vroom* 84; *Armstrong* v. *Whitehead,* 38 *Id.* 405; *Day* v. *Lyons,* 41 *Id.* 114. The minutes on their face do not disclose that such majority voted affirmatively. They show that "following the reading of the ordinance moved that the same be passed on third reading and adopted. The motion was carried on roll-call."

It is argued that in view of the statute requiring "a majority vote of the whole council," the same must affirmatively appear on the record.

Three reasons are urged why this objection should not prevail:

*First.* The record as it stands is a sufficient compliance with the law.

*Second.* There is a legal presumption from the recorded fact of the adoption of the ordinance that it received the requisite number of votes.

*Third.* Parol testimony is properly admitted to establish the fact that the final passage of the ordinance was by the votes of a majority of the whole council, and having been received, has established that fact.

Taking up the above contentions in their order, we are first to consider whether the record in its present form is sufficient. It must be borne in mind that the ordinance puts in motion the right of eminent domain, which the legislature has conferred upon the borough, and that its effect is to deprive citizens of their property against their will. Strict compliance with statutory provisions is necessary. *Durant* v. *Jersey City,* 1 *Dutcher* 309.

The act, section 15, provides that "the borough clerk shall * * * keep a correct record of all their [council's] proceedings."

The prosecutor is one of the persons whose property is to be taken by the improvement. He attacks the ordinance directly. The case of *Mayor* ads. *State, Batten, prosecutor,* 3 *Vroom*

453, to which we are referred, was a proceeding to contest an assessment against the property of the prosecutors, levied by reason of the improvement of McWhorter street in Newark. It was instituted on the assumption that the original ordinance not attacked in the suit, laying out the street, was originally bad, and therefore the assessment for its improvement was illegal. It was held that every intendment would be made that the street was existent under the ordinance, and as it had been paved at public expense, a gross trespass would not be imputed to the officers of the city. This presumption was in favor of the regularity of proceedings not attacked, and of the acts done under them likewise not attacked, which, if irregular, would have amounted to a culpable wrong on the part of the officials.

In another case cited by the defendant, *State, Wilkinson,* v. *Trenton, 7 Vroom* 499, it was sought to show in condemnation proceedings that property owners had not been treated with before action taken to condemn. The court said this was a jurisdictional fact and must appear, but that if it did so appear on the face of the proceedings, it was sufficient, and it did so appear by a certificate of the street committee to that effect, and until the contrary was made to appear, it was controlling.

It will at once be perceived that these cases are not in point and are inapplicable to a case where the existence of jurisdictional facts does not appear in the record.

*Andrews* v. *Inhabitants of Boylston, 110 Mass.* 214, was a suit to recover a tax paid under protest. The record showed that at a town meeting duly called to consider the re-establishment of the school district system, the following vote was passed: "Voted to re-establish the school district system." It was sought by the defendant to prove by parol evidence that the vote was a two-thirds vote. If the system was legally established, then judgment to be for the defendants, otherwise for plaintiff.

Mr. Justice Ames, delivering the opinion, said: "No re-establishment could be made unless supported by the votes of two-thirds of all the legal voters present and voting thereon

\* \* \* all that can be learned from the record is that the town voted to re-establish the school district system. The yeas and nays upon the proposition are not given, nor does it appear what was the number of votes, and the record does not undertake to say that it was adopted by a two-thirds vote. The record is the appropriate evidence of the doings of the, meeting and is not open to contradiction, enlargement or explanation by parol evidence. The form of expression is that which is ordinarily used in setting forth a vote of a mere majority. \* \* \* As the case stands, therefore, there is no legal evidence that the system has been re-established. \* \* \* Omission in the record cannot be supplied by parol evidence. Where the record of a town meeting failed to show an adjournment, it was held that parol evidence of the adjournment was not admissible." *Taylor* v. *Henry*, 2 *Pick.* 397; *Manning* v. *Fifth Parish*, 6 *Id.* 6, In the former of these cases the court says: "It would be dangerous to admit such proof. If a fact of this kind can be proved by parol evidence, it is difficult to see why the election of officers may not be proved in the same manner." See, also, *Morrison* v. *City of Lawrence*, 98 *Mass.* 219; *Mayhew* v. *Gay Head*, 13 *Allen* 129.

In the Matter of *City of Buffalo*, 78 *N. Y.* 362, there was a controversy between landowners whose land was proposed to be taken by the city for a street.

Mr. Justice Folger, delivering the opinion, thus puts it: "The city has the chartered power to take land for streets. It is given in general terms broad enough. But it can be exercised only under conditions precedent which hedge about it." And after citing certain preliminaries, the opinion continues: "And that resolution must have been adopted by a vote of two-thirds of all the members of the common council. \* \* \* Though there appears upon the records of the common council a resolution as adopted, it cannot be presumed from that that two-thirds of the members voted for it, for there was no duty upon them to vote. \* \* \* Though it was the duty of the president of the common council to declare the resolution lost unless there was such vote for it, and the duty of the clerk not to enter upon the records that it was adopted, still, in such

case as this, it may not be presumed that, having done otherwise, they did their duty, though a general presumption should be aided somewhat by particular circumstances."

To found a power to act against a private right of property, there must be affirmative proof of a compliance with the prerequisites. It is a jurisdictional fact that may not be presumed nor inferred.

See *People* v. *Zeyst,* 23 *N. Y.* 140, that the record cannot be contradicted by parol evidence.

I am of opinion therefore that the record does not affirmatively show that the vote was sufficient under the statute for the purpose, and that as against the landowner there can arise no presumption of the existence of jurisdictional facts.

That brings us to the defendant's last contention, namely, that the omission in the minutes may be supplied by parol evidence.

The cases are in some confusion as to this rule.

It is undoubtedly true that where no minutes have been kept or where they have been carelessly entered this cannot prejudice creditors of the municipality. *Dill. Mun. Corp.* (*4th ed.*), § 301; *Bigelow* v. *Perth Amboy,* 1 *Dutcher* 297.

The cases holding the admissibility of this evidence to cure defects or omissions in the record, and those holding the contrary doctrine, are collected in 21 *Am. & Eng. Encycl. L.* 8, 9, and 28 *Cyc.* 344. A distinction, however, must be made where the facts necessary to be shown are jurisdictional and where they are not. Here the municipality, although required to keep a record of its proceedings, is seeking to sustain its own action by testimony aside from that record, in a matter involving the rights of property of others.

To allow such to be done would be a dangerous precedent, and would violate the rule that "when power to take private property for public use is delegated by the legislature to municipal corporations, that power must be strictly pursued. * * * The rule * * * where their acts are verified by an entry in their minutes kept by the proper officer is equally stringent, that it must appear from an inspection of all the proceedings when properly before the court that they have

kept strictly within their limited sphere." *State, Wilkinson,* v. *Trenton,* 7 *Vroom* 499.

The reasoning in the cases of *Andrews* v. *Boylston, supra,* and *In the Matter of Buffalo, supra,* as applied to the case in hand, present the more cogent reasoning on the subject, I conclude therefore that the record cannot be enlarged or omissions supplied by parol.

The ordinance will therefore be set aside, with costs.