L. VINCENT COLEMAN *vs.* ISRAEL LOUISON & others.

Bristol.    October 26, 1936. — December 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Municipal Corporations,* Officers and agents.  *Waiver.  Taunton.*

The record of a meeting of the city council of Taunton, reciting merely that twelve of the thirteen members were present and that immediately on presentation of a nomination to the licensing board there was a vote and the mayor, who, under the rules of the council, was given power to preside and "declare all votes," without objection being noted declared the appointment confirmed, showed unanimous consent of all members present to suspension of a rule that such a confirmation should be deferred until the next regular meeting of the council after the appointment was made, in compliance with a rule that no rule could be suspended except by consent of two thirds of the members present; and also showed compliance with St. 1934, c. 253, § 3, amending the city charter and requiring the affirmative votes of at least seven members of the council to pass an order.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on June 25, 1936, for a writ of mandamus.

The case was heard and reported by *Qua,* J.

The case was submitted on briefs.

*F. E. Knowles, V. J. Deponte & F. J. Tummon,* for the petitioner.

*H. S. R. Buffinton & R. C. Westgate,* for the respondents Louison and Conaty.

Rugg, C.J.　This is a petition for a writ of mandamus to test the title of the respondent Louison to office as member of the licensing board of the city of Taunton. *Putnam* v. *Langley,* 133 Mass. 204, 206. · *Parrott* v. *Plunkett,* 268 Mass. 202, 205. *Kaplan* v. *Sullivan,* 290 Mass. 67. The case has been heard by a single justice on the pleadings and an agreed statement of facts. He declined to dismiss the petition as matter of discretion and reported the case for determination by the full court.

The petitioner had been duly appointed a member of the licensing board for a term ending on the first Monday of June, 1936. The term of office of the members of that board is that "All members shall hold office until their respective successors are qualified." G. L. c. 138, § 5, as appearing in St. 1933, c. 376, § 2. The issue to be decided is whether the respondent Louison was appointed and qualified as the successor of the petitioner. By § 4 of said c. 138, as amended by St. 1934, c. 385, § 2, the members of the licensing board in cities having the form of government in effect in Taunton are appointed by the mayor subject to confirmation by the municipal council. On May 5, 1936, at a regular meeting of the municipal council, the mayor appointed the respondent Louison a member of the licensing board for the term of six years beginning on the first Monday of June, 1936, to succeed the petitioner. The records of the municipal council for May 5, 1936, show that this appointment was confirmed by vote of the council.

The validity of this confirmation is assailed. The facts and statutes pertinent in that connection are these: The municipal council consists of thirteen members. At the meeting on May 5, 1936, twelve members were present. It was moved and seconded that the appointment of Louison be confirmed. The mayor, who was the presiding officer of the council, declared that the appointment was confirmed. On the following day Louison was sworn as member of the

licensing board. It is provided by St. 1934, c. 253, § 3, amending the city charter of Taunton, as follows: "A majority of the members of the municipal council shall constitute a quorum . . . The city clerk shall be, ex officio, clerk of the municipal council, and shall keep the records of its proceedings. All votes of the council shall be by yeas and nays, if four members so request, and shall be entered upon the records. The affirmative vote of at least seven members, shall be necessary for the passage of any order, ordinance, resolution or vote . . ." Rules and orders of the municipal council provide that the mayor shall preside and "shall declare all votes"; that no "rule or order of the council shall be suspended unless two-thirds of the members present consent thereto"; that "confirmation of the appointment of the chief of police and city solicitor may be, and all other appointments shall be, deferred until the next regular meeting of the council, after said appointments are made." At the next regular meeting of the council after May 5, 1936, which was held on May 12, 1936, when the question of the approval of the records of the last meeting came up, it was moved that the record be approved with the exception of that part which recorded that the council had approved the appointment of Louison as a member of the licensing board, because there seemed to be a difference of opinion relative to the confirmation of the appointment, which should have laid on the table for one week unless the rules had been suspended by a two-thirds vote. That motion was carried by a vote of twelve councilmen. Motion then was made to expunge from the record of the meeting of May 5, 1936, the part which recorded that the council had voted to confirm the appointment of Louison as member of the licensing board. The mayor ruled this motion out of order, but an appeal from that ruling was sustained by a vote of twelve members of the council. On a motion that the appointment of Louison be taken from the table, the mayor ruled the motion out of order. The appeal from this ruling was sustained. A motion was then made that the appointment of Louison be not confirmed, and the council so voted.

The record of the meeting of May 5 is silent on the subject of suspending the rule requiring that the confirmation of the appointment be deferred until the next regular meeting. It does not show that the rule was expressly waived or that two thirds of the members present expressly consented to any waiver. On the other hand, it does not show that any objection was made at the time to a vote on confirmation of the appointment. No contention is now put forward that any such objection was then interposed. There are numerous decisions to the effect that a municipal council and other deliberative bodies may waive or suspend rules designed to guard against hasty action. *Bennett* v. *New Bedford,* 110 Mass. 433, 437–438. *Holt* v. *City Council of Somerville,* 127 Mass. 408, 411. *Chandler* v. *Lawrence,* 128 Mass. 213. *Sinclair* v. *Mayor of Fall River,* 198 Mass. 248, 256. *Byfield* v. *Newton,* 247 Mass. 46, 55. In all these cases it does not appear that there was an express waiver or suspension, but one was inferable from action in violation of such rules, even though there was no formal vote to that effect. *State* v. *Pinkerman,* 63 Conn. 176, 191. It is not necessary to determine whether there could be such suspension in the face of immediate objection and opposition. The action of the municipal council in the case at bar, in proceeding to act at once on the appointment, indicates unanimous consent to waive compliance with the rule to defer consideration until the next meeting. *Pevey* v. *Aylward,* 205 Mass. 102, 107. *Commonwealth* v. *Mayor of Lancaster,* 5 Watts, 152. The rule having been suspended or waived, the matter would not be available for further consideration at the next meeting. *Bennett* v. *New Bedford,* 110 Mass. 433.

It is urged that the confirmation was invalid because the record does not show affirmatively that at least seven members of the council voted to that effect in conformity to the provision of the city charter, already quoted. It is to be observed that seven votes are a bare majority of the thirteen members of the municipal council of Taunton, that twelve were present at the meeting on May 5, and that the mayor, without objection, declared the appointment confirmed. The

implication of the record in view of these facts is that at least seven members of the council voted to confirm the appointment. The record fails to afford any indication that the requisite number of votes was not cast for confirmation. The question is narrowed to the point whether the existence of the necessary number of votes may be inferred from the record as made. It has been held several times that compliance with an extraordinary statutory requirement of a vote larger than a majority is not shown by a record indicating simply that the vote was passed, without stating the number of votes. *Morrison* v. *Lawrence*, 98 Mass. 219. *Judd* v. *Thompson*, 125 Mass. 553. *Commonwealth* v. *Allen*, 128 Mass. 308, 311. *American Tube Works* v. *Boston Machine Co.* 139 Mass. 5, 10. The reasoning on which decisions like these rest is said in *Andrews* v. *Boylston*, 110 Mass. 214, 215, to be this: "The form of expression is that which is ordinarily used in setting forth the vote of a mere majority; and there is nothing on the face of the record to indicate that either the officers or the voters had their attention called to the fact that the law required a two thirds vote." That reasoning has no relevancy to the case at bar, where the statutory requirement was, in substance, that as applied to the facts of the meeting of May 5 a simple majority of those present would be necessary to the passage of any vote and where the same rule governed all affirmative action. It is not necessary to consider what would be the implications of a record such as the present when the number of members in attendance was so small that less than seven votes would constitute a majority. Distinctions between the case at bar and *Wardwell* v. *Leggat*, 291 Mass. 428, need not be elaborated.

A reasonable presumption is made in favor of the regularity and validity of action taken by municipal officers. *Burt* v. *Municipal Council of Taunton*, 272 Mass. 130, 132. *Openshaw* v. *Fall River*, 287 Mass. 426, 432. *Howard* v. *Proctor*, 7 Gray, 128, 131. See *Citizens' Mutual Fire Ins. Co.* v. *Sortwell*, 8 Allen, 217, 223. This presumption has been held to prevail where a declaration by a presiding officer that a measure had been carried has been made

without objection.   *Putnam* v. *Langley,* 133 Mass. 204.
*Williams* v. *Gloucester,* 148 Mass. 256.   *Keough* v. *Alder-men of Holyoke,* 156 Mass. 403.   *Bryant* v. *Pittsfield,* 199
Mass. 530, 532.

It follows that, on the record of the municipal council, in
view of all the circumstances, the appointment of Louison
was confirmed at the meeting of May 5, 1936.   That meeting
adjourned without anything to indicate that the matter
was still pending.     Nothing remained before the municipal
council for further action as in *Wood* v. *Cutter,* 138 Mass.
149, and *Mansfield* v. *O'Brien,* 271 Mass. 515.   It was be-yond the power of the council at its meeting on May 12,
1936, to reconsider its earlier action.   *Keough* v. *Aldermen
of Holyoke,* 156 Mass. 403.   *Attorney General* v. *Dole,* 168
Mass. 562.   It is unnecessary to determine in what manner
the record of a meeting of the municipal council, made by
the clerk, may be corrected so as to contain a true account
of that which occurred.   See *Halleck* v. *Boylston,* 117 Mass.
469; *Chase* v. *Aldermen of Springfield,* 119 Mass. 556; *Judd*
v. *Thompson,* 125 Mass. 553.   No attempt was made on May
12, 1936, to correct the record of the meeting of May 5.   It
is not argued that the record did not contain a true recital
of what was done on May 5.   The action of the meeting of
May 12 appears to have been based upon a misapprehension
touching the effect of the failure to observe the rule as to
deferring the vote on confirmation.

*Petition dismissed.*