LOUIS JENTZ, JOSEPH A. SABOL AND FRED A. DIETZ, RELATORS, v. THOMAS A. RONAN, WILLIAM A. SHEEDY, CHARLES KIENTZ AND JOHN R. MANSON, RESPONDENTS.

Argued May 4, 1937—Decided July 23, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the relators, *Nicholas A. Carella* (*James A. Major,* of counsel).

For the respondents, *Bruck & Biegel* (*Leo Bruck,* of counsel).

BROGAN, CHIEF JUSTICE. The relators filed an information in the nature of a *quo warranto* under the fourth section of the statute, seeking to be reinstated as officers of the board of health of the borough of North Arlington, New Jersey, which offices are presently occupied by the respondents. The relators were appointed officers of said health board for one year, their term to end on December 31st, 1936. This is the record as contained in the official minutes of the meeting of the governing body of the borough of North Arlington, dated January 2d, 1936.

In the trial of the cause, an attempt was made to prove, by oral testimony, that the mayor of the borough intended to appoint these relators for a term of three years, in accordance with the provisions of the health ordinance and not for a term of one year. In other words, the evidence, if received, would tend to alter the official minutes by parol. That this cannot be done by parol was recently decided by our Court of Errors and Appeals in the case of *Campbell* v. *Hackensack*, 115 *N. J. L.* 209. There it was held that parol evidence cannot be invoked to alter or supplement the written record of a municipality. *Cook* v. *Manasquan*, 80 *N. J. L.* 206; *Fogg* v. *Ocean City Sewer Co.*, 72 *N. J. Eq.* 736; *Bloomfield* v. *Board of Chosen Freeholders of Middlesex County*, 74 *N. J. L.* 261. See, also, *Andrews* v. *Inhabitants of Boylestown*, 110 *Mass.* 214. The proffered testimony was correctly excluded.

Counsel for the relators requests, in the brief submitted, that if our view is that the testimony in question was properly excluded, the relators be awarded an alternative writ of *mandamus*, the object being to require the municipality to correct the minutes of January 2d, 1936. The record before us is not sufficient for the award of a writ of *mandamus*. The statement by counsel of what the witness would have testified to, if permitted, is not under oath. It is a simple matter for counsel to prepare proper moving papers and seek *mandamus* in the customary mode.

Judgment for the respondents, with costs.