FRANCIS X. REILLY *vs.* BOARD OF SELECTMEN OF
FRAMINGHAM & another.

Middlesex.    December 5, 1962. — February 1, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Public Board.    Public Officer.    Municipal Corporations,* Officers and agents,
    Open meetings.    *Open Meetings Law.*

In view of a vote by a board of selectmen, following hearings on the mat-
    ter of removing an assessor from office under G. L. c. 41, § 25, "that the
    matter be taken under advisement pending the receipt of the transcript
    of testimony and the opinion of counsel for the board," a vote to remove
    the assessor by a majority of the board at a subsequent meeting held
    after receipt of the transcript and the opinion was invalid where another
    member of the board who did not attend that meeting had not been
    notified that the transcript and the opinion had been received and that
    the matter of removal was again ripe for action and would be in order
    at that meeting.    [364–366]
By reason of G. L. c. 39, § 23C, a removal of an assessor from office by
    a board of selectmen was not invalid because hearings held by the board
    on the matter of the removal were in executive session even if § 23A
    required open meetings.    [366]

PETITION for a writ of mandamus filed in the Superior
Court on October 2, 1961.

The case was heard by *Gourdin, J.*

*James J. Sullivan, Jr.,* for the respondents.

*Sidney S. von Loesecke (Joseph L. Shea* with him) for
the petitioner.

WHITTEMORE, J.    The order in the Superior Court from
which the respondents have appealed was that a writ of
mandamus issue on the petition, that is, in effect, a writ
commanding the board of selectmen to recognize the peti-
tioner (Reilly) as an assessor and commanding the respond-
ent Alfred L. Coopersmith, who had been acting as assessor
in Reilly's place, to cease from so acting.    A majority of
the board had voted to remove Reilly from office under
G. L. c. 41, § 25.    The judge found that the board, "after

an order to show cause, held special closed meetings extending over a period 23 March 1961 to 13 June 1961 when the meeting was adjourned to await the typing of the transcript of testimony taken by a professional stenographer. On 31 August 1961 a special meeting was held without proper notice to Peter J. Lembo, member-clerk of the Board, at which meeting the evidence was considered and a vote to discharge taken. Lembo had been told that the special meeting was for the signing of contracts only.''

1. The inadequacy of the notice to Lembo rests in the nature of the June 13 adjournment, rather than a misstatement about the August 31 meeting. In usual course the board, at any meeting of which due notice has been given, may act on any matter. *Russell* v. *Wellington,* 157 Mass. 100, 104–105.

The executive secretary of the board had given telephone notice of the August 31 meeting. It is not contended that the notice was not seasonable or that Lembo could not attend at the time set. The secretary said that the meeting was for the signing of contracts. Lembo testified that he asked ''if there was anything else'' and the secretary replied that ''he didn't know of anything but of course there might be something coming up.'' It does not appear that the secretary did know of anything else. There was no evidence of a by-law or rule which required notice of matters to be acted on. The board therefore could act at the August 31 meeting on any matter that had not been specially restricted by its own prior action. A majority of the court think action on the removal of Reilly had been so restricted.

Lembo, being clerk of the board, testified that at the June 13 meeting the board had voted ''that the matter be taken under advisement pending the receipt of the transcript of testimony and the opinion of counsel for the board . . ..'' There was no contrary testimony and the judge found substantially in accordance therewith. Lembo also testified (and there was no contrary evidence) that he did not receive a copy of the testimony until after the meeting of August 31.

In the light of the vote of June 13 each of the selectmen was entitled to notice, before a removal vote was taken, that the transcript and counsel's opinion had been received, and hence that the adjourned matter was again pending before the board. Two of the selectmen knew that the matter would be in order for action on August 31. They met with counsel in his Boston office on August 28 and, according to the testimony of one of them, they then came to the decision to remove Reilly. This selectman also testified that the decision to remove was made on August 31, but that the wording of the dismissal was decided on August 28; he knew on August 28 that the report of counsel would be received within a day or so; he did not communicate with Lembo after the report was received; and a copy of the report was placed on Lembo's desk at noon on August 31, 1961, by the executive secretary of the board.

We think that the meeting on August 28 was not a meeting of the board. The testimony shows that Lembo was at odds with the other two selectmen as to what should be done. That the latter two had a discussion with counsel and came to certain tentative conclusions prior to the board's formal meeting would not invalidate action taken at the formal meeting. Notwithstanding the prior conference on August 28 all aspects of the proposal to remove would have been subject to debate at the board's meeting on August 31 to the full extent that any member might desire, and there is nothing to show that the two members were so bound on August 28 that they would not have acted in the light of discussion on August 31. But having in mind, as they should have, the basis of the June 13 adjournment and knowing that Lembo had not the benefit of counsel's oral comments on August 28, as they had, it was the obligation of the two selectmen to inform Lembo that the issue was ripe for action and that, at their instance, the issue would come up at the August 31 meeting. It is not an answer that the outcome would in all probability be the same. All members must have an opportunity to be present and take part in a decision of a board even though action by a majority is

fully adequate. *Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430, 433–435, and cases cited. *New England Box Co.* v. *C & R Constr. Co.* 313 Mass. 696, 701–702.

2. We think it appropriate to rule on one other of the issues argued. The removal was not invalid because the hearings were in executive session even if G. L. c. 39, § 23A, required open meetings. *Ibid.,* § 23C. *Elmer* v. *Board of Zoning Adjustment of Boston,* 343 Mass. 24, 26–27. The vote to remove was taken at a public meeting.

*Order for judgment affirmed.*