JOSEPH F. DEL GRECO *vs.* MAYOR OF REVERE & others[1]
(and a companion case[2]).

Suffolk.   January 10, 1973. — March 1, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Public Board.   Municipal Corporations,* City council.   *Parliamentary Procedure.*

A vote at the conclusion of a "regular meeting" of a city council on a
Monday "to stand adjourned to meet in regular session on Wednes-
day evening" next, which was not a day for a regular meeting
prescribed by the city ordinances, was an exercise of the power given
the council by its rules of order to adjourn to a day certain, and was a
valid adjournment, not an invalid scheduling of an entirely new
regular meeting; and, where it appeared that at the adjourned
meeting the council received from the mayor a communication
notifying it of his appointments to vacancies in the licensing board of
the city, and that the council by a two-thirds vote suspended its rules,
in order to permit action on the appointments notwithstanding late
filing of the communication, and by a majority vote confirmed the
appointments, it was held that the appointments were validily
confirmed under G. L. c. 138, § 4.   [136-140]

PETITIONS for writs of mandamus filed in the Superior
Court on January 21, 1972.

The cases were heard by *Kalus, J.*

*Joseph Gorfinkle* for the petitioners.

*Burton J. Hass,* Assistant City Solicitor, for the Mayor of
Revere & others.

GRANT, J.   These two petitions for writs of mandamus
seek to compel recognition of the petitioners as duly
appointed and confirmed members of the licensing board of

---

[1] Arthur Reinstein (as executive secretary of the licensing board of the city of
Revere), Joseph Malta and Richard J. Hayes.

[2] Dominic A. Melchionno against the same respondents.

the city of Revere (G. L. c. 138, § 4, as amended through St. 1958, c. 80[3]). The cases come to us on the pleadings, the trial judge's consolidated findings, rulings and order for judgments dismissing the petitions, the petitioners' appeals from that order, and a report of all the evidence. G. L. c. 213, § 1D. *Sherriff* v. *Mayor of Revere,* 355 Mass. 133, 134.[4]

The sole issue to be decided is whether the appointments of the petitioners were validly confirmed under G. L. c. 138, § 4, in view of the provisions of § 2-12 of the ordinances of Revere[5] and the provisions of certain of the rules of order of the city council.[6]

---

[3] "In each city which is not exempt by the provisions of section ten there shall be a licensing board appointed by the mayor, subject to confirmation by the board of aldermen or, if there is no such board, by the city council, consisting of three persons, who shall not be engaged, directly or indirectly, in the manufacture or sale of alcoholic beverages, who have been residents of the city in which they are appointed for at least two years immediately preceding their appointment. . . . "

[4] We rely on the case cited (at 135) to substantiate the fact, agreed to in the briefs but nowhere evident from the record, that Revere has a Plan B form of government under G. L. c. 43, §§ 56-63. See *Poremba* v. *Springfield,* 354 Mass. 432, 437, fn. 4. It appears from the evidence that the city council is composed of eleven members. See G. L. c. 43, § 59. It is clear that the provisions of G. L. c. 43, § 60, have no application to an appointment made under G. L. c. 138, § 4, or to the confirmation of such an appointment. See *Crocker* v. *Deschenes,* 287 Mass. 202, 205-210; *McDonald* v. *Superior Court,* 299 Mass. 321, 323-325; *Kaczmarski* v. *Mayor of Springfield,* 346 Mass. 432, 435; *Young* v. *Mayor of Brockton,* 346 Mass. 123, 125.

[5] "All regular meetings of the city council shall be held in the city council chamber, City Hall, at 8:00 P.M., Monday of each week, from the first Monday in January to and including the last Monday in June and from the second Monday in September to and including the last Monday in December; provided, however, that when a meeting day falls on a holiday the regular meeting shall be held on the Tuesday following such holiday at the same hour; and provided, further, that the city council may at any meeting, by a majority vote, decide to discontinue any further meeting hereinbefore assigned . . . . " The balance of the section is omitted as not here material. Both the section and the rules summarized in part in fn. 6 appear to have been adopted pursuant to the requirements found in G. L. c. 43, § 18(2), that a "city council shall, from time to time, establish rules for its proceedings" and that "[r]egular and special meetings of the council shall be held at a time and place fixed by ordinance."

[6] Those of the rules which are or might have been material may be summarized as follows: the president is to take the chair "at the hour to which the council has adjourned" (1); when a question is under debate, "the chairman shall receive no motion but . . . to postpone to a day certain" (9[d]); a "motion to adjourn shall be in order at any time," with exceptions not here relevant, and "is debatable only as to the time to which the meeting is adjourned" (12); all "communications . . . to be considered by the council at a regular meeting shall be filed in the office of the [c]ity [c]lerk not later than 2:00 P.M. of the Friday preceding such regular

The facts may be summarized as follows. At 8:47 P.M. on the Monday evening, November 22, 1971, all but two of the members of the city council convened at what everyone concedes was a "regular meeting" within the meaning of § 2-12 of the ordinances (fn. 5). It appears from the minutes of that meeting that following the transaction of certain business not here material a member of the council moved that "the City Council now stand adjourned to meet in regular session on Wednesday evening, November 24, 1971." On a roll call vote (six in favor, three opposed and two still absent) it was "Ordered Adjourned."

At 8:05 P.M. on Wednesday evening, November 24, 1971, at what the minutes characterize as a "Regular meeting," all but one of the members of the council were present in the council chamber and were called to order. The minutes of that gathering disclose that there was received and read a letter from the then mayor dated November 24, 1971, which had been received by the city clerk earlier on that day and by which the then mayor appointed the two petitioners to fill vacancies on the licensing board. On motion made it was voted (eight in favor, two opposed and one still absent) that "the rules of order be suspended and take action on the appointments to the Licensing Board." A motion was then made that the appointments be confirmed. Following the defeat (four in favor, six opposed and one still absent) of a motion that the letter of appointment be laid on the table it was voted (six in favor, four opposed and one still absent) to confirm the appointments of the petitioners. A motion to suspend the rules in order to permit reconsideration of the vote of confirmation was defeated. Following the transaction of unrelated business it was moved that "the City Council now stand adjourned to meet in regular session on Friday evening, November 26, 1971, at 5 P.M." On a roll call vote (six in favor, four opposed and one still absent) it was

meeting" (26); and the rules may be "suspended . . . by a two-third vote of the council" (29). For reasons stated in the cases collected in fn. 4 we pass over and intentionally refrain from summarizing those portions of the rules which relate to the confirmation of "nominees . . . to . . . administrative boards established by the [c]ity of Revere."

"Ordered Adjourned." The minutes then contain a notice of (or request for) reconsideration of the action of confirmation filed by a member who had voted against such action.

At 5:04 P.M. on Friday evening, November 26, 1971, at what the minutes again characterize as a "Regular meeting," all but three of the members of the council were present in the council chamber and were called to order. The minutes of that gathering, under "Unfinished Business," disclose the defeat (two in favor, six against and three still absent) of reconsideration and a motion, on which no action appears to have been taken, that "the City Council now stand adjourned to meet in regular session on Monday evening, November 29, 1971." The closing entry is "Ordered Adjourned at 5:10 P.M."

Both petitioners took the qualifying oath of office as members of the licensing board on November 26, 1971, and thereafter assumed the performance of the duties of members of the board. The present mayor took office on January 3, 1972, and immediately advised the petitioners that in his view their appointments had not been validly confirmed and thus that they were not members of the board. The respondent Arthur Reinstein, as executive secretary of the board, has interfered with the further performance by the petitioners of the duties of members of the board. On January 18, 1972, the present mayor purported to appoint the respondents Malta and Hayes to fill what he and the city solicitor asserted were two vacancies on the board. The city council has taken no action to confirm the purported appointments of Malta and Hayes.

The trial judge ruled that the action of the city council in connection with the confirmation of the petitioners was invalid for having been taken at something other than a "regular meeting" held on a Monday (see fn. 5). We believe such a ruling overlooks the inherent power of a body such as a city council, in the absence of a provision to the contrary, to adjourn a regular meeting to a date certain (*Lafleur* v.

*Chicopee,* 352 Mass. 746, 750-752;[7] McQuillin, Municipal Corporations [ 3d ed., 1968 rev.], § 13.38) without notice to absent members of the time to which the meeting has been adjourned (McQuillin, *supra,* §§ 13.38b and 13.39). A meeting so adjourned "is but a continuation of the same meeting" (McQuillin, *supra,* § 13.39, p. 544), and in the absence of some positive restriction on its own action (*Reilly* v. *Selectmen of Framingham,* 345 Mass. 363, 364), the adjourned meeting may consider and act upon any matter which it could properly have considered during the course of the regular meeting. McQuillin, *supra,* § 13.39. If a procedural restriction (such as an agenda requirement) is found in one of the rules of order of such a body and a second rule provides for the suspension of the operation of the first rule, the first rule may be dispensed with upon compliance with the requirements of the second rule. See *Coleman* v. *Louison,* 296 Mass. 210, 212-213 (appointment under G. L. c. 138, § 4); *Lafleur* v. *Chicopee,* 352 Mass. 746, 748-749, 750-751.

It is in the light of these principles that we approach the problem of interpreting the various votes of the city council in this case (*Lafleur* v. *Chicopee, supra,* at 750-751). The vote taken at the conclusion of the regular meeting held on Monday evening, November 22, 1971, on the motion to "stand adjourned to meet in regular session on Wednesday evening, November 24, 1971" expressed an obvious intent to meet on that Wednesday evening. Rules 1, 9(d) and 12 of the council (fn. 6) recognized and specifically provided for the exercise of the power of adjournment to a date certain, and it is to be presumed that the council intended to act regularly and in accordance with its own rules. *Coleman* v.

---

[7] Other instances in which such power has been exercised or assumed to exist are found in *Taylor* v. *Henry,* 2 Pick. 397, 402-403; *Commonwealth* v. *Hubbard,* 24 Pick. 98, 101; *Kingsbury* v. *Centre School District in Quincy,* 12 Met. 99, 104-105; *Attorney General* v. *Simonds,* 111 Mass. 256, 259-261; *Wood* v. *Cutter,* 138 Mass. 149; *Kaeble* v. *Mayor of Chicopee,* 311 Mass. 260, 262-263. All but the last of these examples involved the election or appointment of a municipal official.

*Louison,* 296 Mass. 210, 214, and cases cited. In these circumstances we construe the quoted vote as a valid adjournment of the regular meeting of November 22 to the date of November 24 rather than as an invalid attempt to schedule an entirely new regular meeting at a time not permitted by § 2-12 of the ordinances (fn. 5).

There being no statutory or other positive restriction on the council's consideration of confirmation of the appointments in question at the adjourned meeting of November 24 (cf. *Reilly* v. *Selectmen of Framingham,* 345 Mass. 363, 364), it remained only for the council to adopt a two-thirds vote (Rule 29) to suspend the agenda requirements of Rule 26 (fn. 6) and to vote by a simple majority to confirm the appointments of the petitioners as members of the licensing board (G. L. c. 4, § 6, cls. 5 and 7). As such votes were in fact taken at the adjourned regular meeting held on November 24, 1971, we hold the appointments of both petitioners to have been validly confirmed under the provisions of G. L. c. 138, § 4.[8]

The order for judgment dismissing the petitions is reversed. The cases are remanded to the Superior Court for a determination of the petitioners' damages under G. L. c. 249, § 5, as amended,[9] and for the entry of judgments therefor, with costs, and for the issuance of peremptory writs of mandamus commanding the respondents to recognize the petitioners as duly appointed and confirmed members of the licensing board of the city of Revere for the balances of the terms to which they were respectively appointed and until their respective successors are qualified, and to refrain from interfering with the petitioners' performance of their duties as members of such board. The petitioners are to have costs of appeal against the respondent mayor.

*So ordered.*

---

[8] As nothing done at the gathering of November 26 casts any doubt on the finality of the confirmation vote of November 24, we need not decide whether that gathering was a further valid adjournment of the regular meeting of November 22.

[9] See *McKenna* v. *Commissioner of Mental Health,* 347 Mass. 674, 675-677.